VIDAL *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 19.—Decided March 21, 1907.

COMMUNITY PROPERTY—ADMINISTRATOR OF CONJUGAL PARTNERSHIP.—Although the husband is the administrator of the conjugal partnership, and although it is strictly his duty under the law to execute all deeds of gift, alienation or

obligation for a valuable consideration, to the property of such partnership, and in requiring the express consent of the wife *in all such transactions the* sole object has been to safeguard her interests, it is evident that the requirements of the law have been complied with in the deed of sale sought to be recorded, because the express consent of both parties to the conjugal partnership appears in the deed of conveyance, although the wife appears therein as the person executing the deed and the husband appears as giving his consent thereto; and for this reason the instrument should be admitted to record.

The facts are stated in the opinion.

The appellant did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court:

This is an appeal taken by Manuel J. Vidal, as the agent by verbal appointment of Pedro J. Rosaly, from a decision of the Registrar of Property of Ponce, refusing the admission to record of a deed of purchase and sale.

By public deed executed in Ponce on February 15, 1906, before Angel Acosta y Quintero, an attorney and notary of said city, Hortencia Sepúlveda, accompanied by her husband, Cesáreo Santiago y Hernández, and with the express consent of the latter, sold to Pedro Juan Rosaly y Capó her third interest in a share consisting of 2.94 *cuerdas* of a parcel of land containing 18.5 *cuerdas*, situated in the *barrio* of Cintrona, in the municipal district of Juana Díaz, which she alleged belonged to her by purchase, together with another share, of her neighbor, José La O. Almodóvar y Figueroa, by public deed recorded in the registry of property of said city of Ponce. Upon the presentation of this deed for record in the registry, the registrar refused it on the grounds set forth in the decision which he wrote at the end of said document, which reads as follows:

"The record of the foregoing document is refused, because the estate sold must be considered as belonging to the conjugal partnership, and the sale is made and the price is received by the wife instead of the husband, who is the only representative and administrator of the conjugal partnership (sections 1322, 161 and 1327 of the Civil Code), and the mere passive act of the husband in giving his consent

to the sale not being sufficient to validate this subversion of the functions assigned by law to each spouse in the economic administration of the conjugal partnership and this defect being incurable, a cautionary notice, effective for four months, is entered at folio 234 and the reverse side thereof of volume 43 of the *Ayuntamiento* of Juana Díaz, estate No. 2158, record letter C.—Ponce, September 25, 1906.''

The person presenting the deed, not being satisfied with the decision of the registrar, left it with the said official for transmission to this Supreme Court for the proper decision, which the registrar did, at the same time transmitting a statement of the reasons which he considered pertinent in support of his decision.

According to the former as well as the present Civil Code, the husband is the administrator of the property of the conjugal partnership, and from this principle is derived in strict law the necessity of his being the person to execute the deeds of donation, alienation or obligations for a valuable consideration involving the property of such partnership.

The innovation introduced by our Revised Civil Code has been confined to protecting the interests of the wife, requiring her express consent when acts such as those referred to in the preceding paragraphs are concerned.

In the case at bar, the requirements of the law have been complied with, although in inverse form, because while the wife appears as the party making the sale, this is done with the concurrence of her husband, who gives his consent in an express manner, and signs the said document with her before the notary.

If the husband had not had any intervention whatsoever in the contract of sale, only he and his heirs would have the right to demand that it should be set aside, but in the case at bar he has participated therein, expressing his consent and signing the document, and the fact that another person signed at his request on account of his inability to do so does not affect the validity of the signature; and under these circumstances it would be necessary to study in due time from a

civil law standpoint the success which would attend an action to set it aside.

From a mortgage law standpoint, there is no ground for the action of the Registrar of Property of Ponce in this matter.

The decision of the Registrar of Property of Ponce, placed at the end of the deed in question refusing its admission to record, is reversed, and it is held that said document is recordable and that the registrar should record it, to which end, and also for the other proper purposes, it is ordered that the said document be returned to him, together with a certified copy of this decision.

*Reversed.*

Justices Hernández, Figueras and Wolf concurred.
Mr. Justice MacLeary dissented.